UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE FOUR GRAND JURY SUBPOENAS

Part 1

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR DEFENDANT'S MOTION TO QUASH FOUR IMPROPER GRAND JURY SUBPOENAS**

March 21, 2018

HAFETZ & NECHELES LLP

Susan R. Necheles
Kathleen E. Cassidy
10 East 40th Street, 48th Floor
New York, NY 10016
*Attorneys for Intervenor
Jeremy Reichberg*

## PRELIMINARY STATEMENT

Intervenor Jeremy Reichberg respectfully submits this motion to intervene and quash four recently issued grand jury subpoenas related to Mr. Reichberg's upcoming criminal trial. The timing of the subpoenas—more than a year and a half after the indictment in his case and little more than a month before his trial is scheduled to begin—make clear that the three subpoenas were all issued with the improper purpose of preparing for trial.

## RELEVANT FACTS

Mr. Reichberg and his two co-defendants[1] were indicted on July 7, 2016. *See United States v. Jeremy Reichberg*, 16-cr-468, Dkt. # 16.[2] Mr. Reichberg is charged with conspiracy to commit honest services fraud, 18 U.S.C. § 1349, two counts of honest services fraud, 18 U.S.C. §§ 1343, 1346, one count of conspiracy to pay bribes and gratuities, 18 U.S.C. § 371, and one count of payment of bribes and gratuities, 18 U.S.C. 666. These charges allege that Mr. Reichberg participated in a bribery scheme in return for various favors from two NYPD officers and others acting at their direction.

The trial in this case is scheduled for April 30, 2018. Dkt. # 66. With one exception, all pre-trial motions have already been ruled on. Dkt. # 124. The Government filed its motions *in limine* on March 12. Dkt. # 144. As part of that

---

[1] One defendant, Michael Harrington, pleaded guilty to a superseding information. Dkt. # 137.

[2] All citations to the docket in this motion are to the docket in *United States v. Jeremy Reichberg*, 16-cr-468 (GHW).

motion *in limine,* the United States moved to admit various other bad acts of the defendants under F.R.E. 404(b).

Around the time the United States submitted its 404(b) motion, it served (at least) four grand jury subpoenas related to the case. Mr. Reichberg's counsel has obtained copies of two of the subpoenas and learnt of two others. Cassidy Dec. ¶ 3. One subpoena, served on ▮▮▮▮▮▮▮▮, was signed by AUSA Jessica Lonergan on March 6. Attached as Ex. 1. The appearance date was March 22 and demanded personal appearance. This subpoena also said it was investigating possible violations of 18 U.S.C. §§ 666, 1343, 1346, and 1349. We believe this subpoena was served in an attempt to learn whether Mr. ▮▮▮▮▮ has any knowledge of ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Cassidy Dec. ¶ 4.

A second subpoena, served on Eddie ▮▮▮▮▮▮, was signed by AUSA Kimberly Ravener on March 14. Attached as Ex. 2. This subpoena demanded a personal appearance. The subpoena said it was investigating possible violations of 18 U.S.C. §§ 666, 1343, 1346, and 1349. We believe this subpoena is attempting to ascertain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Cassidy Dec. ¶ 5.

A third subpoena was served on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮. We have not obtained a copy of this subpoena, but we understand it to be substantially similar to the first two subpoenas. Cassidy Dec. ¶ 8. We believe

3

this subpoena was issued to discover additional evidence related to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Cassidy Dec. ¶ 6. The United States has moved the court in *Reichberg* to admit these allegations as either direct or 404(b) evidence. *See* Dkt. # 144, pp. 12–13 ("To expand his reach, Reichberg extended bribes to law enforcement personnel working in other localities, including Westchester and Floral Park, New York.").

A fourth subpoena was served on Hotelier-1. We have not obtained a copy of this subpoena, but we understand it also to be substantially similar to the first two subpoenas. Cassidy Dec. ¶ 8. We believe this subpoena was issued to discover additional evidence ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Cassidy Dec. ¶ 7. The United States has moved the court in *Reichberg* to admit these allegations as either direct or 404(b) evidence. *See* Dkt. # 144, pp. 16–17 ("In addition, Officer-2 will testify that he expedited gun license applications for two purported hoteliers (the "Hoteliers") after Grant introduced the Hoteliers to Officer-2 at the Licensing Division. In exchange for Officer-2's assistance with these gun licenses, Grant coordinated a free hotel stay for Officer-2 in or around May 2015, which Officer-2 understood to be courtesy of the Hoteliers.")

## **APPLICABLE LAW**

It has long been established that the government may not use grand jury subpoenas for "the sole or dominant purpose of preparing for trial under a pending

4

indictment." *United States v. Leung*, 40 F. 3d 577, 581 (2d Cir. 1994). *See also In re Grand Jury Subpoena Duces Tecum Dated Jan 2., 1985 (Simels),* 767 F.2d 26, 29 (2d Cir. 1985) (holding that "it is improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial"). Rather, the government may only use post-indictment grand jury subpoenas to investigate new charges or additional defendants. *See United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997); *United States v. Vanwort*, 887 F.2d 375, 387 (2d Cir. 1989). But "the grand jury is not meant to be the private tool of a prosecutor." *United States v. Fisher*, 455 F.2d 1101, 1105 (2d Cir. 1972); *accord United States v. Eisen*, 1990 U.S. Dist. LEXIS 14219, at *32 (E.D.N.Y. Oct. 19, 1990) ("The grand jury's function of considering whether citizens should not be accused of a crime should not become a fictional ruse to cloak its use by the prosecution to convict the defendant on accusations already made.").

While the party asserting a claim of grand jury abuse bears the burden, "[t]he individual circumstances of a case often determine the kind of showing that a party must make to invoke the rule's protection." *United States v. Raphael*, 786 F. Supp. 355, 358 (S.D.N.Y. 1992). In particular, "[t]he timing of the subpoena casts significant light on its purposes." *Simels*, 767 F.2d at 29. *Accord United States v. Ohle,* 678 F. Supp. 2d 215, 234 (S.D.N.Y. 2010). The "appropriate inquiry" as to whether the subpoena was to investigate new crimes or to prepare for trial "is a matter of substance, not form." *United States v. Flemmi*, 245 F.3d 24, 30 (1st Cir. 2001).

5

When a court finds that the government is misusing the grand jury subpoena, it has the authority to quash the improper subpoena. *See Simels*, 767 F. 2d at 30. Courts can also suppress any evidence obtained as a result of the improper subpoena and preclude its use at trial. *See, e.g.*, *United States v. Flemmi*, 108 F. Supp. 2d 39, 60, 62 (D. Mass. 2000) (excluding at trial improperly obtained grand jury testimony and evidence derived therefrom), *rev'd on other grounds*, 245 F.3d at 30-31; *United States v. Kovaleski*, 406 F. Supp. 267, 270 (E.D. Mich. 1976) (precluding the government from calling witness or using a trial witness's grand jury testimony to impeach or refresh his recollection).

Finally, a criminal defendant has standing to move to quash grand jury subpoenas on the basis that they were for the dominant purpose of preparing for trial. *See United States v. Punn*, 737 F.3d 1, 6 (2d Cir. 2013) (recognizing that a defendant can move to intervene in the grand jury to quash an improper subpoena); *In re Grand Jury Proceedings*, 814 F.2d 61, 67 (1st Cir. 1987) (holding that a claim that "a grand jury is being used for an improper purpose" is sufficient to grant standing.").

## **ARGUMENT**

The timing of the three subpoenas at issue in this case prove that the "dominant purpose" of the subpoenas is not the investigation of additional crimes but preparation for the upcoming trial. The Court should therefore quash all four subpoenas.

First, the two subpoenas we have obtained list the same statutes already charged in the indictment. *See* Ex. 1 (listing 18 U.S.C. §§ 666, 1343, 1346, and 1349); Ex. 2 (same). The grand jury therefore cannot be investigating additional, uncharged crimes. In addition, the AUSAs who signed those two subpoenas have both entered notices of appearance in the Reichberg case. Cassidy Dec. ¶ 9.

Second, the subpoenas were issued over eighteen months after the indictment was returned. *Compare with, e.g., Leung*, 40 F.3d at 581 (denying a motion to quash, in part, because the "grand jury subpoenas were … issued five weeks after the indictment"); *United States v. Chambers*, 2017 U.S. Dist. LEXIS 177876, at *3 (S.D.N.Y. Oct. 26, 2017) ("As a general matter, the fact that a grand jury subpoena was issued shortly before or *shortly* after the filing of an indictment is not improper.") (emphasis added). Moreover, ██████████████████████████████████████████████████████████████████████████████████████████. Cassidy Dec. ¶ 10. *See Simels,* 767 F.2d at 30 ("In addition, since not a single witness was called to the grand jury between October 10, 1984 and January 29, 1985, claims that the grand jury desired Simels' evidence as part of an active investigation seem particularly weak."); *United States v. Meregildo*, 876 F. Supp. 2d 445, 449 (S.D.N.Y. 2012) (noting the "absence of any active grand jury investigation" is a factor counseling towards quashing the subpoena); *United States v. Bin Laden*, 116 F. Supp. 2d 489, 492 (S.D.N.Y. 2000) ("Because the grand jury had otherwise been completely inactive during the relevant period, the defendant

7

was able to establish persuasively that trial preparation was the dominant purpose of the government action.").

Third, the subpoenas were issued little more than a month before the Reichberg trial is scheduled to begin. *Cf. Leung*, 40 F.3d at 581 ("The grand jury subpoenas were then issued five weeks after the indictment, *before* a trial date had been set.") (emphasis added).

Fourth, the subpoenas are all dated right around the time the United States filed its 404(b) submission on March 12. The ▆▆▆▆ subpoena is dated March 14 and the ▆▆▆▆ subpoena is dated March 6. Both subpoenas are attempting to obtain additional evidence ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Cassidy Dec. ¶¶ 4–5. We believe the other two subpoenas are also dated from around the same period. Cassidy Dec. ¶ 7. And, as discussed *infra* p. 4, both the ▆▆▆▆ subpoena and the Hotelier-1 subpoena directly relate to the United States' proposed 404(b) evidence. This "sequence of events" *Raphael*, 786 F. Supp. at 359, indicates that the United States is (mis)using the grand jury subpoena to shore up the direct and 404(b) evidence it plans on using at trial.

It is of course true that a "presumption of regularity … attaches to the grand jury proceedings." *Leung*, 40 F.3d at 581. But "[n]otwithstanding the presumption of regularity, prosecutors do not have carte blanche in grand jury matters." *Flemmi*, 245 F.3d at 28. Here, "[t]he timing of the subpoena[s]" *Simels*, 767 F.2d at 29, indicates that they were for the improper purpose of preparing for trial. It strains

credulity to believe that subpoenas issued approximately a month before trial after █████████████████████████████ are for anything other than trial preparation. The fact that the subpoenas were served around the same time that the government filed its motions *in limine*—and attempt to obtain evidence related to the very allegations and issues in that motion—only confirms this common-sense intuition.

## **CONCLUSION**

For the foregoing reasons, Mr. Reichberg respectfully requests that the Court grant his motion to intervene and quash all four subpoenas. Mr. Reichberg also respectfully request that the Court adjourn the return date of the subpoenas until it has a chance to rule on this motion.

Dated: March 21, 2018　　　　　　　　　　Respectfully submitted,
　　　　New York, N.Y.


　　　　　　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　　　　　　Hafetz & Necheles LLP
　　　　　　　　　　　　　　　　　　　Susan R. Necheles
　　　　　　　　　　　　　　　　　　　Kathleen E. Cassidy
　　　　　　　　　　　　　　　　　　　Gedalia M. Stern
　　　　　　　　　　　　　　　　　　　10 East 40th Street, 48th Floor
　　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　　*Attorneys for Intervenor*
　　　　　　　　　　　　　　　　　　　*Jeremy Reichberg*